IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:10-CR-320-BO-1

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )    O R D E R |
| | ) |
| MARKUS ODON McCORMICK | ) |

This cause comes before the Court on the government's Second Amended Motion for Revocation of Supervised Release. [DE 108]. A hearing on the matter was held in Raleigh, North Carolina, on March 30, 2016. [DE 114]. For the reasons contained in this order, the Court revoked defendant's supervised release term and ordered defendant committed to the custody of the Bureau of Prisons or its authorized representative for imprisonment for a period of 50 months. [DE 115].

## BACKGROUND

Defendant and a co-defendant were indicted in the Eastern District of North Carolina in September 2010. [DE 1]. The indictment charged: (1) conspiracy to distribute and possess with the intent to distribute more than 50 grams of crack cocaine; (2) distribution of more than five grams of crack cocaine; and (3) possession with intent to distribute 50 grams or more of crack cocaine. *Id.* McCormick pled guilty to Count One and the remaining charges were dismissed as the result of a plea agreement. [DE 37, 38].

McCormick was sentenced to 50 months' imprisonment with credit for time served on Count One. [DE 65]. Defendant's sentence included a five year term of supervised release. [DE 65]. Defendant was released from custody on March 27, 2014, at which time his term of supervised release commenced. [*See* DE 91].

On March 10, 2016, a second amended motion for revocation was filed based on defendant's repeated positive drug tests and criminal conduct. [DE 108]. Specifically, defendant tested positive for marijuana on five occasions and for cocaine on two occasions within the first year of his supervision, and he had been charged in Cumberland County with felony promotion of prostitution-advance, possession with intent to manufacture/sell/deliver MDA/MDMA, and felony maintain a vehicle/dwelling/place for a controlled substance. *Id.*

A hearing was held on the matter on March 30, 2016. [DE 114]. At the hearing, defendant admitted violation one (positive drug screens) and pled no contest to violation two (criminal conduct). Use of a controlled substance is a Grade C violation, and defendant's alleged criminal conduct is a Grade A violation. Defendant's criminal history category is a III. Thus, the guideline range of imprisonment for defendant was 30–37 months. The statutory imprisonment maximum available was 60 months. After hearing from the investigating police officer, the Court found that defendant had violated the terms of his supervised release and that his supervised release should be revoked. For the reasons discussed below, the Court sentenced defendant to 50 months' imprisonment. [DE 115].

## DISCUSSION

In imposing the sentence on revocation, the Court has considered the factors in 18 U.S.C. § 3553(a). The Court considered the serious nature of defendant's repeated positive drug screens within the first year of his supervision and the disrespect for the law that those repeated violations reflect, as well as the fact that these violations are similar in nature to the original offense conduct. The Court also considered the characteristics of this defendant, who demonstrated no remorse for the promotion of prostitution charge in his allocution, explaining to the Court how he specifically asked to become involved in the scheme. The Court considered

that the repeated positive drug screens demonstrate a need for a lengthy sentence in order to afford adequate deterrence to this defendant, who has obviously not been deterred thus far by his previous prison sentence or the terms of his supervision. Finally, the Court considered that such a sentence will provide sufficient protection for the public from this defendant, who readily admitted to the promotion of prostitution behavior. The Court notes that this behavior is especially troubling (and the need for deterrence especially great), as it demonstrates defendant's willingness to engage in new forms of serious criminal conduct despite his previous imprisonment. *See* 18 U.S.C. § 3553(a). The Court considered defense counsel's remarks and arguments and finds that they do not outweigh the considerations above.

For these reasons, as well as those announced from the bench at the hearing, the Court finds that a revocation sentence of 50 months' imprisonment and a termination of supervised release is sufficient but not greater than necessary to achieve the goals of sentencing.

SO ORDERED, this __1__ day of April, 2016.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE