IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:10-CR-320-BO-1
5:17-CV-294-BO

| | |
|---|---|
| MARKUS ODON MCCORMICK )<br>   Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA )<br>   Respondent. ) | O R D E R |

This cause comes before the Court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The government has moved to dismiss petitioner's motion, petitioner has responded to the motion to dismiss, and the matter is ripe for ruling. For the reasons that follow, the government's motion to dismiss is granted.

## BACKGROUND

Petitioner, McCormick, was originally sentenced to a term of fifty months' imprisonment and a term of five years of supervised release following his plea of guilty to one count of conspiracy to distribute and possess with intent to distribute more than fifty grams of cocaine base. [DE 65]. McCormick was released from custody on March 27, 2014, at which time his term of supervised release commenced. *See* [DE 91]. On March 10, 2016, a second amended motion for revocation was filed based on defendant's repeated positive drug tests and criminal conduct. [DE 108]. Specifically, defendant tested positive for marijuana on five occasions and for cocaine on two occasions within the first year of his supervision, and he had been charged in Cumberland County with felony promotion of prostitution-advance, possession with intent to manufacture/sell/deliver MDA/MDMA, and felony maintain a vehicle/dwelling/place for a controlled substance. *Id.*

After a hearing on the motion for revocation of supervised release, the Court found that McCormick had violated the terms of his supervised release and sentenced McCormick to fifty months' imprisonment. [DE 115; 120]. McCormick appealed, and the court of appeals affirmed this Court's judgment. [DE 125]. On appeal, McCormick argued unsuccessfully that his revocation sentence is plainly unreasonable because it is greater than necessary to achieve the purposes of sentencing. *See United States v. Thompson*, 595 F.3d 544, 546 (4th Cir. 2010). The court of appeals further rejected procedural challenges that it believed McCormick had appeared to raise in near the end of his brief. *United States v. McCormick*, 670 F. App'x 85, 87 n. * (4th Cir. 2016). The United States Supreme Court denied McCormick's petition for writ of certiorari by opinion entered February 27, 2017. 137 S. Ct. 1218 (2017).

McCormick filed this § 2255 motion on June 15, 2017, alleging two grounds for relief. First, McCormick contends that this Court abused its discretion by not giving McCormick a full and fair opportunity to make statements about the bogus state charges and denying McCormick an opportunity to contest the government witnesses' credibility in labeling McCormick as a pimp. Second, McCormick contends that his revocation counsel failed to make a timely objection to McCormick being characterized as a pimp and neglected to present evidence which would have negated any and all adverse testimony by state detectives. McCormick seeks vacatur of his current sentence and resentencing within the advisory guidelines range of thirty to thirty-seven months. The government has moved to dismiss McCormick's § 2255 motion for failure to state a claim. Fed. R. Civ. P. 12(b)(6).

## DISCUSSION

"To survive a motion to dismiss pursuant to Rule 12(b)(6), [petitioner's] '[f]actual allegations must be enough to raise a right to relief above the speculative level,' thereby 'nudg[ing]

2

their claims across the line from conceivable to plausible.'" *Aziz v. Alcolac Inc.*, 658 F.3d 388, 391 (4th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). "Under § 2255(b), [u]nless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief, the court must grant a prompt hearing to determine the issues and make findings of fact and conclusions of law with respect thereto." *United States v. Thomas*, 627 F.3d 534, 539 (4th Cir. 2010) (internal quotation omitted).

McCormick's first claim, that he was denied the opportunity to fully allocute and that this Court abused its discretion, fails as it has either been considered and rejected by the court of appeals or McCormick failed to raise it before court of appeals and it is procedurally barred. McCormick contends in his § 2255 motion that he raised this issue in the court of appeals. [DE 130 at 4 of 12]. The opinion of the court of appeals makes no specific reference to the issue, although, as noted above, it does refer to a number of procedural issues McCormick had appeared to raise at the end of his brief, which it summarily rejected as bases for relief. If McCormick did raise this issue and the court of appeals rejected it, McCormick may not now raise the issue on collateral review. *See United States v. Roane*, 378 F.3d 382, 396 n.7 (4th Cir. 2004) (citing *Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976)).

If McCormick could have but failed to raise this issue before the court of appeals, it is procedurally barred unless McCormick can demonstrate cause and prejudice or actual innocence. *Bousley v. United States*, 523 U.S. 614, 621-22 (1998); *see also Thomas*, 627 F.3d at 538. In order to demonstrate cause for failing to raise issues on direct appeal, a petitioner must show that something that "cannot be fairly attributed to him," such as a factual or legal basis that was not reasonably available or some impediment by the government existed, prevented him from raising the issue. *Coleman v. Thompson*, 501 U.S. 722, 753 (1991). McCormick has not demonstrated

3

cause as he has alleged no impediment to raising this issue on appeal. Nor has McCormick demonstrated that he is actually innocent. In order to demonstrate actual innocence to overcome procedural default, a petitioner must demonstrate "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623. Whether the state court charges for the conduct forming the basis of McCormick's criminal conduct violation were dismissed is of no import. A court may

> revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release . . ..

18 U.S.C.A. § 3583(e)(3). Upon the government's showing at McCormick's revocation hearing, the Court found, by a preponderance of the evidence, that McCormick had violated the terms of his supervised release. McCormick has failed to demonstrate that he is actually innocent of his supervised release violations and his collateral attack of his opportunity of allocute is barred.

Finally, the Court would note that McCormick was allowed a full and fair opportunity to allocute and his claim is without merit. Fed. R. Crim. P. 32(i)(4)(A)(ii) provides that a court must address the defendant personally and permit the defendant to speak or present any information to mitigate the sentence. *See also United States v. Muhammad*, 478 F.3d 247, 249 (4th Cir. 2007). At the revocation hearing, McCormick was asked if he wished to speak and he did speak for what comprises more than twelve pages of the sentencing transcript. [DE 121]. While a court may not deny a defendant the right to speak on his own behalf,

> [t]his is not to say that a defendant's right to address the sentencing court is unlimited. The exercise of his right may be limited both as to duration and as to content. He need be given no more than a reasonable time; he need not be heard on irrelevancies or repetitions.

4

*Ashe v. State of N.C.*, 586 F.2d 334, 336–37 (4th Cir. 1978); *see also United States v. Holguin*, 16 F. Supp. 2d 595, 599 (D. Md. 1998) (citing *Ashe*); *United States v. Holder*, 367 F. App'x 698, 699 (7th Cir. 2010) ("The right to speak at allocution is not without limits on time or content."). The Court finds that McCormick was given a sufficient time to speak on his own behalf and holds that dismissal of this claim is warranted.

McCormick next raises a claim based on ineffective assistance of counsel. The standard for ineffective assistance of counsel claims was laid out by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). A petitioner must first show "'that counsel's performance fell below an objective standard of reasonableness.'" *Sharpe v. Bell*, 593 F.3d 372, 382 (4th Cir. 2010) (quoting *Strickland*, 466 U.S. at 688). "Judicial scrutiny of counsel's performance must be highly deferential, and a reviewing court must avoid the biases of hindsight." *Id.* (internal quotation omitted). Second, a petitioner must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

McCormick contends that his revocation counsel should have objected to his being called a pimp, should have called a witness who would have testified on his behalf, and should have proffered an affidavit from the witness as evidence. The strategy employed by counsel concerning whether to call a witness is generally given wide latitude in determining whether counsel's assistance was effective. *United States v. Dyess*, 730 F.3d 354, 364 (4th Cir. 2013). McCormick has offered no more than speculative conclusions in arguing that this witness or her affidavit would have been beneficial to his case, *id.* at 365, especially in light of McCormick's own admission during his allocution that he and the witness were posting to a known prostitution advertising

5

website together. [DE 121 at 11]. McCormick has failed to demonstrate that his counsel's performance was deficient, and his ineffective assistance of counsel claim must be dismissed.

## Certificate of Appealability

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). As reasonable jurists would not find this Court's dismissal of petitioner's § 2255 motion debatable, a certificate of appealability is DENIED.

## CONCLUSION

For the foregoing reasons, the government's motion to dismiss [DE 134] is GRANTED and petitioner's motion to vacate, set aside, or correct sentence [DE 130] is DISMISSED. A certificate of appealability is DENIED.

SO ORDERED, this __7__ day of November, 2017.

*[signature]*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE